UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FRANK GREENE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00381-JRS-MJD |
| | ) |
| DICK BROWN Warden, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Frank Greene for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVD 18-12-0108. For the reasons explained in this Entry, Mr. Greene's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 18, 2018, Investigator T. Davis issued a conduct report to Mr. Greene for a violation of Code A-111/113, conspiracy, attempting, or aiding trafficking. The conduct report states:

> On 12/13/2018, visitor Ashley Greene was found in possession of contraband. Her intentions were to traffick the contraband into the facility. Ms. Greene is the daughter of offender Greene, Frank #963055. Offender Greene is who Ms. Greene was coming to visit. See attached Report of Investigation.
>
> See attached copy of phone transcripts.

Dkt. 9-1.

The Report of Investigation provides:

> On 12/13/2018, at Wabash Valley Correctional Facility, visitor Ashley Green was stopped at Visitor Processing. She was escorted to the Office of Intelligence and Investigations for questioning. Once in the office she did surrender a "package" that was wrapped in duct tape.
> Once opened later, the package was found to contain a plantlike substance, which looked like marijuana. Ms. Greene had been stopped due to phone intelligence that suggested she would have contraband on her person. She had been previously witnessed on video removing something from her body and handing it to offender Greene, Frank #963055 on July 21st, 2018. In an interview with Greene on 12/14/2018, Greene did admit that his daughter had brought in "smoke" previously to him, on a visit. Greene also admitted that she was trying to bring the contraband in to him on 12/13/2018. The previous incident had been caught on video from the visit room.

Dkt. 9-2 (mistakes in original).

Mr. Greene received notice of the charge on December 20, 2018. Dkt. 9-3. Mr. Greene did not request any witnesses or physical evidence. *Id.* The disciplinary hearing was held on January 8, 2019. Dkt. 9-6. Mr. Greene stated that: "I had all intentions to plead guilty but with the discrepancy on the incident date and the date of 'report written' don't match, this should be dismissed on a procedural error." *Id.* The hearing officer found Mr. Greene guilty of conspiracy/attempting/aiding in trafficking in violation of Code A-111/113 after considering the

staff reports. *Id*. The hearing officer wrote:

> DHB case starts on 1-7-19. I looked into the issue raised by Offender. The Investigation was completed on 12-18-19, after double checking with other DHB's and OII this is standard procedure. The incident is over once the investigation is complete. I find reports to be accurate. No errors in procedure. Guilty.

*Id*.

Mr. Greene was sanctioned with the loss of privileges, disciplinary segregation, 180 days of lost earned credit time, and a demotion of one credit class. *Id.*

Mr. Greene's appeals to the facility head and to the final reviewing authority were denied. Dkt. 9-8; dkt. 9-9. This habeas action followed.

### C.      Analysis

Mr. Greene alleges that his due process rights were violated in the disciplinary proceeding. His claim is that the date of incident was incorrectly stated on the conduct report. Dkt. 2.

Mr. Greene argues that the alleged incident occurred on December 13, 2018, but the conduct report has 12/18/2018 typed in the "date of incident" box. He argues in his reply that under Indiana Department of Correction (IDOC) policy, "date of incident" is defined as "the date on which the alleged rule infraction occurred or staff became aware of the violation." Dkt. 12 at 4.

The hearing officer considered this issue when Mr. Greene raised it at the hearing. He was informed that it is standard procedure to use the date that an investigation is completed as the "date of incident." Dkt. 9-6.

To the extent Mr. Greene's claim is based on a violation of IDOC policy, this alleged error does not support habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a

prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

The Court has also considered whether Mr. Greene was given adequate notice of the charge. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)); *Brenneman v. Knight,* 297 F. App'x 534, 537 (7th Cir. 2008) (same). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

The conduct report recited that Ashley Greene was visiting Mr. Greene on December 13, 2018, and on that date, she was found to be attempting to bring contraband into the prison. Dkt. 9-1. Mr. Greene was notified of what happened and when. This was all the information he needed to prepare his defense. He was not denied proper notice of the charge. Moreover, Mr. Greene has not shown how having the date the investigation was completed in the "date of incident" box prejudiced him. Any alleged error would therefore be harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

In addition, the evidentiary standard for disciplinary habeas claims, some evidence, is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could

support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct and investigative reports constituted sufficient evidence.

Mr. Greene was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Greene's due process rights.

### D.     Conclusion

For the above reasons, Mr. Greene is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/8/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANK GREENE
963055
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov